

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2005

# Johnson v. Blaine

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4621

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Johnson v. Blaine" (2005). *2005 Decisions.* Paper 442.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/442

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4621
_____

RONNIE JOHNSON,

Appellant

v.

SUPERINTENDENT CONNER BLAINE, JR.;
JOHN J. MILLER, Deputy Superintendent;
CAPTAIN DAVID GRAINY; LIEUTENANT REED;
LIEUTENANT JOHN DOE; SERGEANT LEONARD EUTSEY;
SERGEANT PETER MCKOSKY; SMITY, Correctional Officer;
C.O.I WAYNE SPECHT; C.O.I. EDWARD BODGEN, JR.;
C.O. I. DAVID FERRIER; C.O.I. ANTHONY TIBERI;
C.O.I. ROBERT NELSON; C.O.I. MARK CROUCH;
NURSE RONALD LIDUGVICH; NURSE LISA POMPURA

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00063)
District Judge:  Honorable Thomas M. Hardiman

_____

Submitted Under Third Circuit LAR 34.1(a)
October 7, 2005

Before:  SLOVITER, BARRY AND FISHER, <u>CIRCUIT</u> <u>JUDGES</u>.

(Filed  October 7, 2005)
_____

OPINION
_____

PER CURIAM.

Ronnie Johnson appeals the District Court's order granting appellees' motion to dismiss his complaint. In a complaint dated January 12, 2004, Johnson alleged that in October 2001, he was assaulted by several prison guards at the State Correctional Institution at Huntingdon, Pennsylvania. He further alleged several acts by appellees which he contended were done in retaliation for his complaining about the October 2001 incident and for the investigation that followed. Appellees filed a motion to dismiss and argued that the assault claim was time-barred and any timely claims were unexhausted. The District Court granted the motion and dismissed the complaint. Johnson filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting appellees' motion to dismiss. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). Johnson argued that his assault claim was not time-barred because the final appeal of his grievance concerning that incident was not denied until March 2002. Neither the Magistrate Judge nor the District Court addressed Johnson's argument that the limitations period should be tolled. In declining to dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B), a motions panel of this Court requested that the parties address this issue.

In their brief on appeal, the appellees concede that the statute of limitations was tolled while Johnson pursued his administrative remedies and that his complaint was

timely.  With respect to the retaliation claims, appellees concede that Johnson was not required to demonstrate compliance with the exhaustion requirement and that they bear the burden of proof on this issue.  See Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).

Accordingly, we will vacate the District Court's order and remand the matter to the District Court for further proceedings.  Johnson's motion for injunctive relief is denied.